IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ANDRE BONDS,

        Petitioner,

        v.

WARDEN, FCI JESUP,

        Respondent.

CIVIL ACTION NO.: 2:22-cv-47

## REPORT AND RECOMMENDATION

Petitioner Andre Bonds ("Bonds"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. Doc. 1. Respondent filed a Motion to Dismiss, and Bonds filed a Response. Docs. 7, 9. For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DENY** Bonds' Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Bonds *in forma pauperis* status on appeal.

## BACKGROUND

Bonds was arrested by Georgia authorities on February 18, 2017, for theft by receiving stolen property, possession of marijuana, and possession of a firearm by a convicted felon. Doc. 7 at 2. Bonds was indicted in the Chatham County Superior Court on these charges on May 3, 2017, and was released on bond on May 9, 2017. Id. While Bonds' state case was later dismissed via a *nolle prosequi* motion, these charges formed the basis for Bonds' federal charges. United States v. Bond, 4:17-cr-205, ("Crim. Case"), Doc. 1; Doc. 7-1 at 12. State of Georgia authorities arrested Bonds on June 17, 2018, based on charges of tampering with

evidence, possession of a Schedule I controlled substance, theft by receiving stolen property, possession of a firearm by a convicted felon, and possession of a firearm in commission of a felony and obstruction.  Doc. 7 at 2; Doc. 7-1 at 2–4.

On July 20, 2018, Bonds was transferred to federal custody via a writ of habeas corpus *ad prosequendum*.  Crim. Case, Doc. 8.  The Honorable William T. Moore, Jr., sentenced Bonds to 60 months in prison on February 7, 2019, to be served consecutively to any sentence imposed on the pending state charges.  Judge Moore recommended Bonds receive credit against his federal sentence for his time served in custody from February 18, 2017 to May 9, 2017, and all time since June 17, 2018, that would not be credited against another sentence.  Crim. Case, Doc. 44 at 2; Doc. 7 at 3.  Bonds was returned to state authorities on February 12, 2019, and was sentenced to two years' imprisonment.  The Georgia Department of Corrections applied credit against Bonds' state sentence from June 17, 2018 through February 20, 2019.  Doc. 7 at 3.  Bonds completed his state sentence on May 18, 2020, and was returned to federal custody the same day. Id. at 3–4.

The Bureau of Prisons ("BOP") computed Bonds' sentence as beginning on May 18, 2020, and awarded him credit against his federal sentence from February 18, 2017 through May 9, 2017, for a total of 81 days' credit.  Id. at 4; Doc. 7-1 at 5.  Bonds has a projected release date of May 31, 2024, via good conduct time release.  Doc. 7-1 at 9.

## DISCUSSION

In his Petition, Bonds contends the BOP should credit 252 days against his federal sentence, or from June 17, 2018 through February 17, 2019, as this Court ordered this at sentencing.  Doc. 1 at 2, 6.  Bonds asserts this prior custody credit was part of his plea agreement.  Id. at 2.

Respondent asserts the BOP has credited against Bonds' federal sentence all of the time

he is due.  Doc. 7 at 4.  Respondent states Judge Moore recommended Bonds receive credit

against his federal sentence for time served in custody from February 18, 2017 to May 9, 2017,

and all time not credited toward another sentence since June 17, 2018.  Respondent notes the

BOP credited February 18, 2017 through May 9, 2017, against Bonds' federal sentence because

that time had not been credited against another sentence but did not credit any days since June

17, 2018, because the Georgia Department of Corrections already credited that time against his

state sentence.  Id. at 4–5.

I.       **Whether Bonds Is Entitled to Credit Against His Federal Sentence**

A.       **The Date Bonds' Federal Sentence Commenced**

It is the duty of the United States Attorney General, acting through the BOP, to determine

the amount of credit due for the time served by the defendant "for any time he has spent in

official detention prior to the date the sentence commences."  United States v. Alexander, 609

F.3d 1250, 1259 (11th Cir. 2010).  "A federal district court reviews for abuse of discretion the

BOP's decision under [18 U.S.C.] § 3585 regarding commencement of a federal sentence and the

grant of credit for prior custody."  Paradis v. Keller, No. 1:10-CV-2354, 2011 WL 2790480, at

*4 (N.D. Ga. June 13, 2011), *report and recommendation adopted*, 2011 WL 2790472 (N.D. Ga.

July 14, 2011).  To determine whether the BOP properly calculated when Bonds' federal

sentence commenced, the Court must begin with the plain language of the statute itself.  Harris v.

Garner, 216 F.3d 970, 972 (11th Cir. 2000) ("We begin our construction of [a statutory

provision] where courts should always begin the process of legislative interpretation, and where

they often should end it as well, which is with the words of the statutory provision.").  Section

3585 of Title 18 of the United States Code, which pertains to "credit for prior custody," is

controlling for making credit determinations for sentences imposed under the Sentencing Reform

Act of 1984.  This statute provides:

> (a) Commencement of sentence.  A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit of Prior Custody.  A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585 (emphasis added).

Here, Bonds was first arrested on state charges forming the basis of his federal

prosecution by State of Georgia authorities on February 18, 2017.  Doc. 7 at 2.  Bonds was

released from state custody on May 9, 2017.  On June 18, 2018, Bonds was arrested a second

time by Georgia authorities on unrelated charges.  Id.  Bonds was transferred to secondary

federal custody via a writ of habeas corpus *ad prosequendum* on July 20, 2018.  Crim. Case,

Doc. 8.  Bonds was sentenced in federal court on February 7, 2019, to serve a 60-month

sentence, to be served consecutively to any sentence imposed on the unrelated state charges.

Crim. Case, Doc. 44 at 2.  Bonds was returned to state authorities on February 12, 2019, and was

sentenced to two years' imprisonment on February 21, 2019.  Bonds was released from state

custody upon completion of his term of imprisonment, May 18, 2020; on this same date, Bonds

was returned to federal custody.  Doc. 7-1 at 2–5.  The BOP computed Bonds' sentence as

commencing on May 18, 2020, the date Bonds was received into primary federal custody for

service of his federal sentence.  Id. at 5; § 3585(a).  The BOP committed no error and did not abuse its discretion in determining Bonds' federal sentence commenced on May 18, 2020, the date he was in exclusive federal custody.

**B.      Calculation of Credit Against Bonds' Federal Sentence**

In determining the proper credit, it must be determined when the sentence commenced. A sentence "'cannot begin prior to the date it is pronounced, even if made concurrent with a sentence already being served.'"  Coloma v. Holder, 445 F.3d 1282, 1284 (11th Cir. 2006) (quoting United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980)).  "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."  § 3585(a).

Bonds' federal sentence did not commence on February 18, 2017, or June 17, 2018, the dates he was arrested by Georgia authorities, or on February 21, 2019, the date he was sentenced in his second state case.  Bonds' federal sentence also did not commence when he was in secondary federal custody on July 20, 2018, under a writ of habeas corpus *ad prosequendum.* See Causey v. Civiletti, 621 F.2d 691, 693 (5th Cir. 1980) (explaining a writ of habeas corpus *ad prosequendum* is "only a loan of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction."); see also Powell v. Jordan, 159 F. App'x 97, 99–100 (11th Cir. 2005) ("'[I]if a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only temporary.  The prisoner will be returned to state custody at the completion of the federal proceedings or the federal sentence if the federal government wishes to execute it immediately.'").  Bonds was released back to the primary custody of the State of Georgia on February 12, 2019, and his state sentence expired on

5

May 18, 2020.  He was then in exclusive federal custody starting on May 18, 2020.  Doc. 7 at 3,

7.  Bonds received credit against his state sentence from June 17, 2018 (the date of his second

arrest by state authorities) to February 7, 2019 (the date he was sentenced in federal court) and

continuing through February 20, 2019 (the date before he was sentenced in state court).  Judge

Moore recommended Bonds be credited with time against his federal sentence which was not

already credited against another sentence.  Crim. Case, Doc. 44 at 2.  As Bonds was credited

with this time against his state sentence, there is no additional time for the BOP to credit against

his federal sentence.[1]

To be clear, Bonds remained in primary state custody until he was transferred to federal

custody on May 18, 2020, which is the date he arrived in primary federal custody.  Bonds is not

entitled to receive credit for his time in federal, secondary custody which has already been

credited against his state court sentence.  In addition, he is not entitled to credit against his

federal sentence before his federal sentence commenced.  In sum, Bonds is not entitled to any

additional credit against his federal sentence under § 3585.  Consequently, the Court should

**GRANT** Respondent's Motion to Dismiss and **DENY** Bonds' Petition.

II.      **Leave to Appeal** *in Forma Pauperis*

The Court should also deny Bonds leave to appeal *in forma pauperis*.  Though Bonds has

not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's

order of dismissal.  Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in*

*forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").  An

appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good

---

[1]      Bonds contends, as part of his plea agreement, he was to have additional time credited against his
federal sentence.  Doc. 1 at 2.  However, nothing in Bonds' plea agreement supports his contention.
Crim. Case, Doc. 41.

faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'"  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Given the above analysis of Bonds' Petition and the responsive pleadings, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** in forma pauperis status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DENY** Bonds' 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Bonds leave to proceed in forma pauperis.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual

findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 23rd day of January, 2023.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA